IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-326-FL

| | | |
|---|---|---|
| SHARON AKERELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Substituted for Annie Everett, | ) | |
| | ) | |
| Defendant. | ) | |

The instant action, commenced in Wake County Superior Court, was removed by defendant June 5, 2014, in tandem with its certification that Annie Everett ("Everett) was acting within the official scope of her employment as a United States Postal Service Supervisor at all times of the alleged harassment of plaintiff, also a United States Postal Service employee. Also on June 5, 2014, defendant filed the instant motion to dismiss for lack of jurisdiction now before this court, (DE 4), to which plaintiff has responded in opposition. The United States of America asserts it should be and is substituted as the party defendant.

BACKGROUND

Plaintiff used a state court complaint form to bring this action "for no-contact order for stalking or nonconsensual sexual conduct," with regard to an April 5, 2014, incident during which Everett allegedly grabbed her hand. She complains of constant harassment and torment inflicted upon her for the past year, which, it is alleged, required medical treatment. She seeks permanent and temporary no-contact orders, cessation of harassment, and a court order that Everett be refrained

from entering or remaining present at plaintiff's place of employment, among other things. She does not seek any monetary damages.

Defendant rests grounds for dismissal in its responsive pleading on Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction, where plaintiff has failed to present any administrative claim regarding the asserted tortious actions of Everett, as required under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Defendant makes reference to 28 U.S.C. § 2401, which establishes the period of time for commencing an action against the United States of America as follows:

> (a) Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.
>
> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Defendant argues in support of its motion in roundabout way with regard to a Tenth Circuit opinion, Three-M Enterprises, Inc. v. United States, 548 F.2d 293 (10th Cir. 1977), which adheres to a Third Circuit opinion, Bialowas v. United States, 443 F.2d 1047 (3rd Cir. 1971). This is for the proposition, while not referred to on the face of its filing, that 28 U.S.C. § 2675(a) requires an FTCA claim first be presented to the appropriate federal agency and be finally denied before suit is commenced.

This provision of the FTCA reads as follows:

2

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.
>
> (b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.
>
> (c) Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.

28 U.S.C. § 2675.

Plaintiff, proceeding *pro se*, offers a response by letter to the instant motion, wherein she refers to a lengthy career with the United States Postal Service, which turned dramatically, upon her placement at the Avent Ferry Post Office, under the supervision of Everett, in April 2013. She amplifies upon her allegations with specific instances of Everett's allegedly abusive and threatening behavior towards her. She refers to an attempt to secure redress through intervention of the Postmaster on March 20, 2014, which resulted, she writes, in agreement that she would be assigned a new supervisor and Everett would have no involvement with her. Then, on April 5, 2014, she asserts Everett attempted to grab a scanner from plaintiff and in doing so grabbed plaintiff's hand.

3

Plaintiff asserts that this conduct is in violation of Postal Service policy against violent and threatening behavior, and nothing has been done by the Postal Service to remedy this violation. Plaintiff claims that Everett has created a hostile work environment and the Postal Service has allowed such behavior to persist.

COURT'S DISCUSSION

Defendant's characterization of this action as one sounding in tort is incorrect. Plaintiff does not seek reimbursement for injury or damage. This is a suit for prospective injunctive relief against a public official.

Suits seeking preliminary and permanent injunctive relief in the context of federal employment proceed on a different track from FTCA claims and must be evaluated under different standards than such claims. For example, in Sampson v. Murray, 415 U.S. 61 (1974), the Supreme Court addressed standards for evaluating a claim for temporary injunctive relief brought by an employee of the General Services Administration against her employer, seeking to enjoin her dismissal from employment. While ultimately finding the claim for temporary injunctive relief without merit, the court discussed principles and standards for evaluating such motions, including, in pertinent part, the following observation:

> Although we do not hold that Congress has wholly foreclosed the granting of preliminary injunctive relief in such cases, we do believe that respondent at the very least must make a showing of irreparable injury sufficient in kind and degree to override these factors cutting against the general availability of preliminary injunctions in Government personnel cases.

415 U.S. at 84.

Likewise, in Guerra v. Scruggs, 942 F.2d 270, 273 (4th Cir. 1991), the Fourth Circuit addressed a claim for temporary restraining order and preliminary injunction brought by a military

4

employee against his commanding officer and the Army to prevent discharge from the Army, where the employee did not use administrative procedures to challenge discharge. The Fourth Circuit evaluated the claim by weighing factors bearing on injunctive relief, including irreparable harm, likelihood of success on the merits, and public interest. 942 F.2d at 280.

By comparison, the Supreme Court in <u>Brown v. General Services Administration</u>, 425 U.S. 820, 829-835 (1976), held that the Civil Rights Act of 1964, as amended, provides a comprehensive scheme for federal employees seeking redress for discriminatory actions taken against them and provides the exclusive remedy for employment discrimination actions against federal agencies. In <u>Deitch v. Bliss</u>, 512 F. Supp. 605, 607 (E.D.N.C. 1981), this court held that the Civil Service Reform Act, 5 U.S.C. § 1208, applicable at that time, provided an exclusive avenue for a federal government employee seeking injunctive relief bearing on his federal employment status.

Accordingly, defendant's assertion of lack of jurisdiction on the basis of the FTCA is without merit, and the motion to dismiss premised on the FTCA must be denied. The purported substitution premised on a claim for damages also is without effect, and must therefore be stricken on the present showing. At this juncture, the suit for injunctive relief remains against defendant Everett. Defendant Everett has fourteen (14) days within which to respond to plaintiff's complaint. Fed. R. Civ. Pro. 12(a)(4)(B).

## CONCLUSION

Based on the foregoing, defendant's motion (DE 4) is DENIED, and the court STRIKES the certification and substitution (DE 3).

SO ORDERED, this the 11th day of August, 2014.

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge