IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-326-FL

| | | |
|---|---|---|
| SHARON AKERELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANNIE EVERETT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on its own initiative, upon "renewed motion to dismiss" (DE 10), filed by the United States of America (the "United States"), pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. In the memorandum in support thereof, the United States argues that "[i]nasmuch as this is a claim for violation of Plaintiff's rights under Title VII, the claim should be dismissed for failure to exhaust administrative remedies." (DE 11 at 1). In so arguing, however, the government fails to address the propriety of its own asserted appearance as a defendant in this case.

By its terms, Title VII only allows a civil action by an aggrieved federal employee "in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). Thus, the Postmaster General of the United States Postal Service is the only appropriate defendant, to the extent plaintiff asserts a Title VII claim. See Chergosky v. Hodges, 975 F. Supp. 799, 801 (E.D.N.C. 1997) ("[T]he Postmaster General of the [United States Postal Service], is the only appropriate defendant for Plaintiffs' workplace discrimination claims[.]");

Keene v. Thompson, 232 F. Supp. 2d 574, 581 (M.D.N.C. 2002) (same); see also Wilson v. Dimario, No. 97-2252, 1998 WL 168346 *2 (4th Cir. March 31, 1998) ("We agree with the other courts which have addressed this issue and find that the department or agency head is the only proper defendant in cases alleging a violation of Title VII and that federal employees cannot be held liable in their individual capacities.") (citing Soto v. United States Postal Serv., 905 F.2d 537, 539 (1st Cir.1990); Newbold v. United States Postal Serv., 614 F.2d 46, 47 (5th Cir.1980)).

Moreover, in the court's August 11, 2014, order, the court struck the substitution of the United States for defendant Annie Everett, incorrectly premised upon characterization of the claims asserted in this case as damages claims under the Federal Tort Claim Act. Thus, the United States is not a proper party to this case.

Based on the foregoing, the court therefore STRIKES the motion to dismiss (DE 10) filed by the United States, without expressing any opinion as to merits of the motion or the availability of defenses that may be asserted by defendant Everett in accordance with applicable law and the Federal Rules of Civil Procedure. Plaintiff is relieved of any obligation to respond to the motion to dismiss as presently filed. For purposes of the just, speedy, and inexpensive determination of this action, see Fed. R. Civ. P. 1, the court EXTENDS the time for defendant Everett to respond to the complaint for an additional fourteen (14) days. Furthermore, the court notes that the notice of appearance by the United States Attorney's Office on behalf of defendant Annie Everett remains active.

SO ORDERED, this the 21st day of August, 2014.

LOUISE W. FLANAGAN
United States District Judge