IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-326-FL

| | | |
|---|---|---|
| SHARON AKERELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANNIE EVERETT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion to dismiss for lack of subject matter jurisdiction by the United States of America ("United States") (DE 18), which the court construed in its September 18, 2014, order as a motion to dismiss by defendant Everett. (DE 21). By that same order, the court allowed plaintiff an extension of time to respond to the motion to dismiss, and plaintiff timely filed her response. In this posture, the issues raised are ripe for ruling.

BACKGROUND

Plaintiff, a United States Postal Service employee, commenced the instant action *pro se* in Wake County Superior Court, using a state court complaint form, dated May 1, 2014, "for no-contact order for stalking or nonconsensual sexual conduct," with regard to an April 5, 2014, incident during which defendant Annie Everett ("Everett"), a United States Postal Service Supervisor, allegedly grabbed her hand at work. She complained of constant harassment and torment inflicted upon her for the year prior, which required medical treatment. In her state court complaint form, plaintiff sought permanent and temporary no-contact orders, cessation of

harassment, and a court order that Everett be refrained from entering or remaining present at plaintiff's place of employment, among other things. Plaintiff did not seek any monetary damages.

The United States removed this action on June 5, 2014, in tandem with its certification that Everett was acting within the official scope of her employment as a United States Postal Service Supervisor at all times of the alleged harassment of plaintiff. Also on June 5, 2014, the United States filed a motion to dismiss for lack of jurisdiction (DE 4), to which plaintiff responded in opposition. The United States asserted it should be and is substituted as the party defendant, and that the matter be dismissed for failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

Plaintiff offered a response by letter to the motion to dismiss, on June 30, 2014, wherein she referred to a lengthy career with the United States Postal Service, which turned dramatically, upon her placement at the Avent Ferry Post Office, under the supervision of Everett, in April 2013. She amplified upon her allegations with specific instances of Everett's allegedly abusive and threatening behavior towards her. She referred to an attempt to secure redress through intervention of the Postmaster on March 20, 2014, which resulted, she writes, in agreement that she would be assigned a new supervisor and Everett would have no involvement with her.

Then, on April 5, 2014, she asserted, Everett attempted to grab a scanner from plaintiff and in doing so grabbed plaintiff's hand. Plaintiff asserted that this conduct is in violation of Postal Service policy against violent and threatening behavior, and nothing has been done by the Postal Service to remedy this violation. Plaintiff claimed that Everett created a hostile work environment and the Postal Service had allowed such behavior to persist.

By order entered August 11, 2014, the court noted that the United States's characterization of the action as one sounding in tort was incorrect, where plaintiff did not seek damages, but rather only prospective injunctive relief. Accordingly, the court denied the United States's motion to dismiss premised upon the FTCA and struck the certification and substitution by the United States.

On August 19, 2014, the United States filed a renewed motion to dismiss (DE 10), wherein it asserted lack of subject matter jurisdiction over plaintiff's claims construed as arising under Title VII, due to failure to exhaust, as well as lack of merit in plaintiff's claim for injunctive relief. The court struck this renewed motion to dismiss, by order entered August 21, 2014, where it was filed by the United States and not by Everett.

On September 9, 2014, the United States filed the instant motion to dismiss, noting that it is unclear from the wording of the complaint whether it is a tort matter or a Title VII claim. Construing the action as a Title VII claim, the United States seeks dismissal on the basis of failure to comply with statutory requirements for bringing such an action, on behalf of Everett. Upon review of the motion, recognizing considerable confusion on the part of Everett "in light of the diffuse legal basis for the claim for injunctive relief asserted by plaintiff," the court construed the motion to dismiss filed by the United States as a motion to dismiss by Everett. The court allowed plaintiff an extension of time to respond to the motion so construed.

In her response, plaintiff further clarifies the nature of her claims and relief sought. She asserts that Everett "physically assaulted, continuously discriminated against, repeatedly mocked, and constantly defamed me." (DE 22 at 1). She states she has "filed and sought help through all possible means from the Postal Service via grievance, EAP, reporting to management, reporting to the Raleigh Postmaster, filing EEO, filing accident report, and personally asking Annie Everett to

3

cease in her behavior up and until she grabbed me on April 5, 2014." (Id.). Plaintiff states "nothing has been done about her erratic and abusive behavior by the Postal Service," and plaintiff provides detailed excerpts of Postal Service rules, regulations, and publications that plaintiff asserts Everett violated. Among the rules allegedly violated are those pertaining to "Discrimination," "Violent and/or Threatening Behavior," "Hostile Environment Harassment," "Workplace Harassment," and "'unwelcome conduct' under Title VII."

After listing these rules, plaintiff reiterates that "NOTHING has been done by Postal Management to remedy this . . . [Everett] has created a hostile work environment and made my work life during the past year unbearable. It is shameful that they allow such behavior to persist!!!" (DE 22 at 11). Plaintiff requests that Everett "be reprimanded for her behavior" and to be "admonished for this criminal behavior." (Id.). She seeks a restraining order to ensure that Everett have no contact with plaintiff and to "never again act[] in a supervisory role over [plaintiff]." (Id.).

Plaintiff states she has incurred medical and travel expenses as a result of Everett's conduct. In terms of relief, she seeks restoration of "leave status," as well as "work hours and "NWDs restored to what they were when [plaintiff] was working at Avent Ferry." (Id.) She seeks to be placed at a work location of her choosing. Plaintiff also seeks "to be compensated for the pain and suffering that [Everett] has inflicted upon [her]." (Id.).

COURT'S DISCUSSION

A.      Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain,

4

697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either assert the complaint fails to state facts upon which subject matter jurisdiction may be based or attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the plaintiff, in effect, is afforded the same procedural protection as [s]he would receive under a Rule 12(b)(6) consideration." Id.

B. Analysis

As noted above, the precise contours of plaintiff's claims are not clear from her complaint and her responses to the motions to dismiss. Because the court must construe a *pro se* plaintiff's complaint broadly and hold the complaint to less stringent standards than applied to pleadings prepared by attorneys, the court will view plaintiff's complaint as alleging multiple theories of relief, which the court will take up in turn below. In addition, in light of the varied nature of plaintiff's claims, the court has cause to reconsider its previous determination regarding substitution of the United States as a defendant, at least with respect to some claims asserted.

    1.    Certification and Substitution

As an initial matter, the court reconsiders its order striking the certification of scope of employment and substitution under 28 U.S.C. § 2679, by the United States. In its previous order, the court struck the certification on the basis that plaintiff had sought only prospective injunctive relief, without seeking any damages. Substitution under § 2679, however, is "a measure designed to immunize covered federal employees not simply from liability, but from suit." Osborne v. Haley, 549 U.S. 225, 238 (2007). Under the statute, "once the United States Attorney certifies that the federal employee acted within the scope of [her] employment, the plaintiff properly can proceed

5

only against the United States as a defendant." Id. (internal citations omitted); see Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 419-20 (1995).

"By the plain language of 28 U.S.C. § 2679(d)(2), no discretion is given to the district court." Johnson v. Carter, 983 F.2d 1316, 1319 (4th Cir. 1993) (en banc). "If the Attorney General certifies that the defendant employee was acting within the scope of his employment, 'the United States shall be substituted as the party defendant.'" Id. (quoting 28 U.S.C. § 2679(d)(2)). The certification by the Attorney General in this case "requires the district court to substitute the United States as defendant, without further inquiry, upon the Justice Department's issuance of a scope certification." Jamison v. Wiley, 14 F.3d 222, 235 (4th Cir. 1994) (emphasis added).

Accordingly, upon certification by the United States in this case, the court should have maintained the substitution of the United States as party defendant. In addition, now that plaintiff has had the opportunity to present her claims in more detail in this court, it has become clear that plaintiff does in fact seek multiple forms of relief, including damages, on the basis of legal theories that may fall, at least in part, under the provisions of the Federal Tort Claims Act. Therefore, substitution was appropriate upon removal, and it is confirmed to be necessary at this juncture in the lawsuit.

Accordingly, the court AMENDS its August 11, 2014 order, insofar as its strikes the certification of scope of employment and substitution of the United States. The court DIRECTS the clerk to REINSTATE on the docket the previously stricken certification of scope of employment and substitution of the United States as party defendant (DE 3). The United States of America shall be ADDED as substituted party for defendant Everett, and defendant Everett shall be TERMINATED as a named defendant.

2. Tort Claims

Plaintiff asserts, at least in part, claims based upon allegedly intentional conduct on the part of Everett, including unwanted physical contact and threatening behavior, taking place during the course of plaintiff's employment with the Postal Service. To the extent plaintiff seeks monetary compensation for intentional torts committed by Everett (e.g., "I wish to be compensated for the pain and suffering that [Everett] has inflicted upon me," (DE 22 at 11)), such claims are governed by the Federal Tort Claims Act, which authorizes recovery against the United States only under limited circumstances.

"The FTCA, enacted in 1946, 'was designed primarily to remove the sovereign immunity of the United States from suits in tort.'" Levin v. United States, 133 S. Ct. 1224, 1228 (2013) (quoting Richards v. United States, 369 U.S. 1, 6 (1962)). "Substantively, the FTCA makes the United States liable to the same extent as a private individual under like circumstances, subject to enumerated exceptions to the immunity waiver," which exceptions are found in 28 U.S.C. §§ 2680(a)–(n). Levin, 133 S.Ct. at 1228 (internal citations omitted). "The exception relevant in this case is § 2680(h), which, inter alia, preserves the Government's immunity from suit on "[a]ny claim arising out of assault, battery, . . . libel, [or] slander." Id.

Plaintiff's claims in substantial part arise out of assault, battery, libel, and slander. She claims, for example, that Everett "grabbed my hand when she was not supposed to have contact with me," and that Everett "constantly harassed and tormented her" resulting hin plaintiff's transport to the "hospital by ambulance." (DE 1-1). She claims that Everett "demeaned, harassed, stalked, and bullied me," and that Everett told "lie[s]" about plaintiff to her co-workers." (DE 7 at 1). She

7

references Everett's "assaults," and "abusive behavior," and notes that Everett "repeatedly mocked, and constantly defamed me." (DE 22 at 1).

To the extent this alleged conduct does not comprise discrimination in employment, which the court will address further below, these allegations describe intentional tort conduct that is expressly excluded from the waiver of immunity found in the FTCA. "Congress passed the Tort Claims Act on the straightforward assurance that the United States would not be financially responsible for the assaults and batteries of its employees." United States v. Shearer, 473 U.S. 52, 55 (1985). "Section 2680(h) does not merely bar claims for assault or battery; in sweeping language it excludes any claim arising out of assault or battery." (Id.) (emphasis in original). Furthermore, it broadly bars claims "resound[ing] in the heartland of the tort of defamation," including claims based upon untrue communication of statements about plaintiff to third parties. Talbert v. United States, 932 F.2d 1064, 1067 (4th Cir. 1991).

Accordingly, plaintiff's claims arising out of alleged battery, assault, and defamatory conduct, on the part of Everett are barred by the FTCA, and these claims must be dismissed for lack of subject matter jurisdiction.

3. Claims for Injunctive Relief

Plaintiff seeks prospective injunctive relief on the basis of the same alleged tort conduct on the part of Everett. She points to past assaultive, abusive, and harassing, conduct, and she seeks to have Everett "admonished for this criminal behavior." (DE 22). She seeks a "restraining order . . . so that [Everett] is ordered by law to have no contact with [her]," and she seeks to ensure that Everett "never again acts in a supervisory role over [her]." (Id.; see also DE 1-1).

To the extent, again, that the alleged conduct and relief sought do not involve employment discrimination and statutory injunctive remedies therefor, addressed further below, this court lacks subject matter jurisdiction to provide injunctive relief for prior tort conduct. "The only relief provided for in the [FTCA] is "money damages," and "[t]o the extent that [plaintiff] is seeking other relief, [the court] lack[s] jurisdiction under the FTCA to accord it." Talbert v. United States, 932 F.2d 1064, 1065-66 (4th Cir. 1991); see Pueschel v. United States, 369 F.3d 345, 353 (4th Cir. 2004) (holding that claims seeking relief for harms allegedly suffered as a result of being subjected to hostile workplace, sexual harassment, and retaliation, during federal employment, were properly dismissed without prejudice on the basis that the claims were preempted by Title VII); see also Wham v. United States, 458 F. Supp. 147, 150 (D.S.C. 1978) ("Plaintiff's prayer for an order reinstating him to his former position with back pay and seniority does not lie under the Federal Tort Claims Act.").

In the court's August 11, 2014, order, the court suggested that plaintiff may be able to obtain preliminary and permanent injunctive relief apart from the FTCA. (DE 8 at 4-5). The court noted, for example, availability of preliminary injunctive relief in the context of government employment. The court addresses further below injunctive relief in the context of employment discrimination claims. To the extent the court retains authority to grant injunctive relief outside of that context, plaintiff has not made here "a showing of irreparable injury sufficient in kind and degree to override . . . factors cutting against the general availability of preliminary injunctions in Government personnel cases." Sampson v. Murray, 415 U.S. 61, 84 (1974); see also Davis v. United States, 973 F.Supp.2d 23 (D.D.C. 2014) ("Insofar as plaintiff's complaint seeks to rely on prior tortious conduct as a basis for enjoining the named defendants from engaging in similar tortious conduct in the future,

9

she has come to the wrong place, [as] [c]ourts are not in the business of enjoining future actions of specific government officials.").

In sum, plaintiff's claims for injunctive relief based upon prior tort conduct by Everett must be dismissed for lack of subject matter jurisdiction.

4. Discrimination and Retaliation Claims

Some of plaintiff's allegations suggest an attempt to assert a claim based upon employment discrimination, hostile work environment harassment, or retaliation. For example, plaintiff asserts that Everett "continuously discriminated against" her. (DE 22 at 1). Plaintiff claims that she was continually harassed and bullied by Everett, who was acting in capacity as her supervisor, and that Everett "demeaned [plaintiff's] character to management." (DE 7 at 1). Plaintiff states that Everett "created a hostile work environment," which environment continued after she had reported Everett's conduct to management and filed an Equal Employment Opportunity (EEO) complaint, which EEO complaint is not further described. As noted above, plaintiff provides detailed excerpts of Postal Service rules, regulations, and publications that plaintiff asserts Everett violated, including those pertaining to "Discrimination," "Violent and/or Threatening Behavior," "Hostile Environment Harassment," "Workplace Harassment," "'unwelcome conduct' under Title VII." (DE 22).

Title VII makes it unlawful for the United States Postal Service, among other federal government units and agencies, to discriminate against any employee on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a); Loeffler v. Frank, 486 U.S. 549, 558 (1988). Title VII also provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a); see Bonds v.

Leavitt, 629 F.3d 369, 384 (4th Cir. 2011) (recognizing Title VII retaliation claim may be brought by federal employee). The statute authorizes an aggrieved Postal Service employee to file a civil action against "the head of the department, agency, or unit, as appropriate," following exhaustion of administrative remedies. 42 U.S.C. § 2000e-16(c).

Plaintiff's claims based upon alleged discriminatory hostile work environment, harassment, and retaliation, must be brought under Title VII, against the head of the Postal Service, following exhaustion of administrative remedies. See Pueschel v. United States, 369 F.3d 345, 353 (4th Cir. 2004); see, e.g., Page v. Bolger, 645 F.2d 227, 234 (4th Cir. 1981) (en banc) (analyzing Postal Service employee's claim based, in part, upon violation of internal Postal Service EEO regulations). Because plaintiff has not brought suit against the head of the Postal Service, and because Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment," Pueschel, 369 F.3d at 353, plaintiff's claims, to the extent based upon unlawful discrimination and retaliation, must be dismissed without prejudice for lack of subject matter jurisdiction. See id. (affirming dismissal without prejudice of claims for employment discrimination and harassment where plaintiff did not name head of federal agency as defendant).

Because plaintiff's discrimination and retaliation claims must be dismissed on this basis, the court need not reach the issue of exhaustion of administrative remedies for purposes of the present dismissal. Nevertheless, the court notes that "[p]rior to pursuing a Title VII claim in federal court, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC." Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014). "[A] subsequent civil suit may encompass only the discrimination stated in the EEOC charge itself or developed in the

11

course of a reasonable investigation of that charge." Id. (quoting King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir.1976)).

In sum, plaintiff's claims based upon alleged discrimination and retaliation in employment must be dismissed without prejudice, and plaintiff is reminded of the exhaustion requirements for bringing a Title VII claim.

## CONCLUSION

Based on the foregoing, the court AMENDS its August 11, 2014 order, insofar as its strikes the certification of scope of employment and substitution of the United States. The court DIRECTS the clerk to REINSTATE on the docket the previously stricken certification of scope of employment and substitution of the United States as party defendant (DE 3). The United States is ADDED as substituted party for defendant Everett, and defendant Everett is TERMINATED as a named defendant. Plaintiff's claims arising out of alleged battery, assault, and defamatory conduct are DISMISSED for lack of subject matter jurisdiction. Plaintiff's claims for injunctive relief based upon such alleged torts are DISMISSED for lack of subject matter jurisdiction. Plaintiff's remaining claims based upon alleged discrimination and retaliation in employment are DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this the 14th day of April, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge